## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ADRIANE SPRINGS, Individually and | § | |
| as Next Friend of RON SPRINGS, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | 3:10-CV-802-K |
| | § | |
| HEALTHCARE SERVICES | § | |
| CORPORATION ILLINOIS d/b/a BLUE | § | |
| CROSS BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Healthcare Services Corporation Illinois' Motion to Dismiss (Doc. No. 5), filed May 28, 2010. The Court has reviewed and considered the motion, the response, the reply, the pleadings on file in this case, and the applicable law. Upon review, this case must be dismissed for the following reasons: (1) this Court lacks subject matter jurisdiction over the case; and (2) Plaintiff Adriane Springs fails to state a claim under the Medicare as Secondary Payer Act ("MSPA"). Therefore, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED without prejudice**.

-1-

## I.    Factual and Procedural Background

Plaintiff Adriane Springs ("Mrs. Springs") is a federal employee.  She and her husband Ron ("Mr. Spring") are enrolled in the Service Benefit Plan ("the Plan"), one of the federal government's health benefits plans established by contract with private insurance companies. The Plan is administered by Blue Cross Blue Shield Association through its local companies nationwide, which for Mrs. Springs is Defendant Healthcare Services Corporation Illinois, doing business as Blue Cross Blue Shield of Texas ("Blue Cross").

Mr. Springs was diagnosed with end-stage renal disease on April 1, 2004.  This event  triggered a provision of the MSPA, making Blue Cross the primary payer for Mr. Springs' kidney treatments for thirty months, ending September 30, 2006.  Medicare assumed the role of primary payer for Mr. Springs' kidney treatments from October 1, 2006 until February 28, 2010.  On October 12, 2007, Mr. Springs underwent minor surgery in Dallas, TX.  Due to complications, Mr. Springs suffered cardiopulmonary arrest.  He was resuscitated, but remains in a coma in an intensive care unit.  Blue Cross resumed coverage on March 1, 2010.

Mrs. Springs filed this lawsuit on April 20, 2010.  She asserts that Blue Cross has not paid over $4 million in benefits that she claims she and her husband are owed under the Plan.  Blue Cross filed this Motion to Dismiss on May 28, 2010, asserting that: (1) this Court lacks subject-matter jurisdiction; (2) Mrs. Springs has failed to state a claim

upon which relief may be granted; and (3) this Court should dismiss pursuant to the doctrine of primary jurisdiction.

## II.    Legal Standards

### A.    Rule 12(b)(1) - Subject-matter Jurisdiction

A case may be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1). The party asserting subject-matter jurisdiction bears the burden to establish it. *Stiftung v. Plains Marketing, L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). "A court may find a plausible set of facts supporting subject-matter jurisdiction considering any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

### B.    Rule 12(b)(6) - Failure to State a Claim

In reviewing a Rule 12(b)(6) motion, which tests the legal sufficiency of the claims stated in the complaint, a court must look solely at the pleadings themselves. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). In looking at whether the complaint states a valid claim upon which relief can be granted, the court must view all facts in a light most favorable to the plaintiff and resolve any doubts in favor of the plaintiff. *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). To

survive a 12(b)(6) motion, a plaintiff must not make mere conclusory allegations, but must plead specific facts. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

### III.   Analysis

#### A.   Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and, absent jurisdiction conferred by statute, they lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "Ripeness is a question of law which implicates [a] court's subject-matter jurisdiction... ". *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006). "Ripeness considers the fluidity of the events defining the dispute, such as whether the claim rests upon facts yet airborne or sufficiently upon facts that have found ground. It then balances the hardship of withholding the decision and the fitness of the case for judicial resolution." *Brooklyn Union Gas Co. v. Fed. Energy Reg. Comm'n*, 190 F.3d 369, 373 (5th Cir. 1999). Ripeness may be implicated by the existence of administrative proceedings. *Goliad Cnty. v. Uranium Energy Corp.*, 2009 WL 1586688, at *5–6 (S.D. Tex. June 5, 2009).

There is an administrative procedure established by the Office of Personnel Management ("OPM") for disputing denials of benefits, which must be exhausted prior to filing suit. 5 C.F.R. § 890.105 (2010); *see also*, *e.g.*, *Mondor v. Blue Cross & Blue Shield of Tex.*, 895 F. Supp. 142, 144 (S.D. Tex. 1995). To obtain benefits, a covered individual must first submit a claim to his or her insurance carrier. 5 C.F.R. § 890.105(a)(1) (2010). If the carrier denies this request, the covered individual may ask for a reconsideration from the carrier in writing. *Id.* If the reconsideration is denied, then the covered individual may seek review before OPM. *Id.* If OPM finds that benefits are due, then the covered individual's carrier is required to pay those benefits. 5 U.S.C. § 8902(j). Only when OPM has disposed of such an appeal may a covered individual seek judicial review. 5 C.F.R. § 890.107(c) (2010).

There is no dispute that Mrs. Springs and her husband are covered individuals as defined by 5 C.F.R. § 890.101: Mrs. Springs as a federal employee and Mr. Springs as an enrolled family member. Accordingly, they must follow the administrative procedure established by Congress and OPM. The record before the Court indicates that this process has not been completed.

Mrs. Springs argues that the administrative review process would be futile, it would create an undue hardship, and would not advance the policies of the MSPA. However, there are no exceptions to the administrative review process in either the enabling statute (the Federal Employee Health Benefits Act, 5 U.S.C. §§ 8901–8914)

or in the regulations formulated by OPM (5 C.F.R. §§ 890.101–890.111), and Mrs. Springs has not pointed the Court to other authority permitting such an exception. A court may not hear a case like this prior to the exhaustion of administrative remedies. 5 C.F.R. § 890.107(d)(1) (2010).

For these reasons, this claim is not yet ripe for judicial review and this Court lacks subject-matter jurisdiction to hear it.

## B. Failure to State a Claim under the MSPA

Even if the Court had subject-matter jurisdiction to hear this case, Mrs. Springs' claims must still be dismissed because she fails to state a claim upon which relief may be granted. Mrs. Springs' argument for qualification under the MSPA is that Blue Cross is her primary plan, as that term is defined in 42 U.S.C. § 1395y(b)(2)(A)(ii), and that Blue Cross has failed to make over $4 million in payments she claims it owes.

The MSPA was passed in an attempt to save Medicare money by encouraging private individuals to file suit against private insurers when Medicare has paid for things it should not have. *See, e.g., Stalley v. Catholic Health Initiative*, 509 F.3d 517, 525 (8th Cir. 2007); *United Seniors Ass'n v. Phillip Morris USA*, 500 F.3d 19, 25 (1st Cir. 2007); *Manning v. Utilities Mut. Ins. Co., Inc.*, (2d Cir. 2001). For individuals covered by private health insurance AND qualified for Medicare, private health insurance is the primary payer for expenses in most instances. *See generally* 42 U.S.C. § 1395y (2010). Section 1395y(b)(3)(A) creates a private cause of action to recover damages when one of these

primary payers fails to provide benefits it owes. However, it is not clear from the face of the statute if there are additional requirements to bring such an action.

The issue presented here is whether or not Medicare must first have made payments before a lawsuit under § 1395y(b)(3)(A) is filed. The parties have not uncovered any legislative history that could shed light on Congress' intentions, and this Court has not found any. Other trial courts to consider this issue have concluded payments by Medicare are necessary. *Bio-Medical Applications of Ga., Inc. v. City of Dalton*, 685 F. Supp.2d 1321 (N.D. Ga. 2009); *Leggette v. B.V. Hedrick Gravel & Sand Co.*, No. 3:04-CV-530, 2006 U.S. Dist. LEXIS 98297, at *30-31 (W.D.N.C. May 24, 2006); *Frazer v. Transcont. Ins. Co.*, 374 F. Supp.2d 1067, 1078 (N.D. Ala. 2004). The reason a private cause of action was created was to enlist the help of private citizens to recover unwarranted payments by Medicare. *Stalley*, 509 F.3d at 524-25. A requirement of payments by Medicare is consistent with that goal.

Mrs. Springs does not assert that Medicare has expended any money and the record does not establish this. Mrs. Springs is free to pursue redress against the carrier in this situation, but she must do so through the other avenues discussed. Therefore, Mrs. Springs fails to state a claim on which relief may be granted under the MSPA because her claim is missing an essential element: an expenditure by Medicare.

## IV. Conclusion

_____For the above reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' claims are **DISMISSED without prejudice** by judgment filed in a separate document.

**SO ORDERED.**

Signed September 15th, 2010.

_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE